**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| JAMES THOMAS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TAMPA BAY RAYS BASEBALL LTD, a Florida limited partnership, <br><br> Defendant. | Case No. <br><br> **JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff James Thomas ("Plaintiff") brings this Class Action Complaint against Defendant Tampa Bay Rays Baseball Ltd ("Defendant"), on behalf of himself and all others similarly situated, and complains and alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**I.   NATURE OF THE ACTION**

1. Defendant Tampa Bay Rays Baseball Ltd operates a Major League Baseball team, the Tampa Bay Rays, based in St. Petersburg, Florida. In an effort to market Tampa Bay Rays baseball games, Defendant sent (or directed to be sent on its behalf) unsolicited text messages to the wireless telephones of Plaintiff and each of the members of the Class without prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2. Neither Plaintiff nor the other Class members ever consented in writing, authorized, desired or permitted Defendant to send text messages to their wireless telephones.

3. By sending such unauthorized text messages, Defendant caused Plaintiff and each of the Class members actual harm, including violation of privacy, the aggravation and nuisance that necessarily accompanies the receipt of unsolicited text messages, and the monies paid to their wireless carriers for the receipt of such messages.

4. In order to redress these injuries, Plaintiff seeks: (a) an injunction requiring Defendant to cease all unsolicited text message activities; (b) an award of statutory damages to the Class members under the TCPA; and (c) an award of reasonable attorneys' fees and costs.

## II.   JURISDICTION AND VENUE

5. This Court has original jurisdiction over Count I pursuant to 28 U.S.C. § 1331, because it arises under the laws of the United States.

6. The Court has personal jurisdiction over Defendant because it is located in and conducts substantial business within this District.

7. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in this District. Venue is also proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to this action. Further, venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because Defendant is subject to this District's personal jurisdiction.

## III.   PARTIES

*Plaintiff*

8. Plaintiff James Thomas is an individual domiciled in Pinellas County, Florida.

*Defendant*

9. Defendant Tampa Bay Rays Baseball Ltd is a limited partnership organized in and existing under the laws of the State of Florida with its principal place of business located at Tropicana Field, One Tropicana Drive, St. Petersburg, Florida 33705.

10. Defendant maintains a registered agent, John P. Higgins, located at Tropicana Field, One Tropicana Drive, St. Petersburg, Florida 33705.

## IV.   FACTUAL BACKGROUND

*Background on Unsolicited SMS Activity*

11. In recent years, marketers who have often felt stymied by federal laws limiting solicitation by telephone, fax machine, and e-mail have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

12. One of the most prevalent alternatives is bulk advertising through so-called Short Message Services. "Short Message Services" or "SMS" is a messaging system that allows for the transmission and receipt of short text messages (usually no more than 160 characters) to and from wireless telephones.

13. SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, SMS messages may be received by the called party virtually anywhere in the world.

14. According to a study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds—from coupons to phishing schemes—sent directly to user's cell phones."[1] In fact, "57% of adults with cell phones have received unwanted or spam text messages on their phone."[2]

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited September 3, 2015).

[2] *Id.*

15. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text messaging plan, regardless of whether the message is authorized.

16. Due to the growing concern over unwanted SMS message advertisements, the Federal Communications Commission ("FCC") updated its rules on consent.

17. As of October 16, 2013, senders of SMS message advertisements for goods or services must obtain the recipient's prior express *written* consent.

***Defendant's Unsolicited SMS Message Advertisements to Plaintiff and the Class***

18. As part of its advertising campaign, Defendant has sent and continues to send unsolicited text messages to Plaintiff's and the Class members' wireless phones without prior express written consent.

19. At all relevant times, Plaintiff was and is the owner of the wireless telephone number ending in 8761.

20. On or around September 27, 2017, Defendant transmitted or directed to be transmitted an unsolicited text message to Plaintiff's wireless telephone promoting tickets to Tampa Bay Rays baseball games:

> The final Rays series of the 2017 season begins Friday night. Join us at the ballpark! http://atmlb.com/2xD1wAd Reply STOP to cancel

(A true and correct copy of the text message is attached as Exhibit 1.)

21. The "from" field of the transmission was identified as 420-86.

22. Defendant and its agents use the short code 420-86 to send text messages.

23. When entered into an Internet browser, the website address "http://atmlb.com/2xD1wAd" redirects the recipient of the text message to the website "https://www.mlb.com/rays/tickets/single-game-tickets", where the recipient may purchase Tampa Bay Rays baseball game tickets.

24. On or around November 15, 2017, Defendant transmitted or directed to be transmitted an unsolicited text message to Plaintiff's wireless telephone promoting ticket bundles to Tampa Bay Rays baseball games:

> Holiday Flex Packs are on sale now! Get 5 tickets for $75 and a Rays Fleece Blanket with each pack. #RaysUp http://atmlb.com/2juGz5H Text STOP to cancel

(A true and correct copy of the text message is attached as Exhibit 2.)

25. The "from" field of the transmission was identified as 420-86.

26. Defendant and its agents use the short code 420-86 to send text messages.

27. When entered into an Internet browser, the website address "http://atmlb.com/2juGz5H" redirects the recipient of the text message to the website "https://www.mlb.com/rays/tickets/packs?partnerID=131BA62R41J-16I", where the recipient may purchase five-ticket bundles for Tampa Bay Rays baseball games.

28. On or around November 27, 2017, Defendant transmitted or directed to be transmitted an unsolicited text message to Plaintiff's wireless telephone promoting ticket bundles to Tampa Bay Rays baseball games:

> TODAY ONLY: Purchase a Flex Pack (5 tickets for $75) & get an Archer Emoji Pillow with your Rays Fleece Blanket! http://atmlb.com/2ibzHdj Text STOP to cancel

(A true and correct copy of the text message is attached as Exhibit 3.)

29. The "from" field of the transmission was identified as 420-86.

30. Defendant and its agents use the short code 420-86 to send text messages.

31. When entered into an Internet browser, the website address "http://atmlb.com/2ibzHdj" redirects the recipient of the text message to the website "https://www.mlb.com/rays/tickets/packs?partnerId=1A7VA16321-9C1F", where the recipient may purchase five-ticket bundles for Tampa Bay Rays baseball games.

32. On or around January 19, 2018, Defendant transmitted or directed to be transmitted an unsolicited text message to Plaintiff's wireless telephone promoting tickets to Tampa Bay Rays spring training games:

> Baseball is nearly here so don't miss any of the action! Rays Spring Training single game Tickets are on sale now. http://atmlb.com/2mSPrRz Text STOP to cancel

(A true and correct copy of the text message is attached as Exhibit 4.)

33. The "from" field of the transmission was identified as 420-86.

34. Defendant and its agents use the short code 420-86 to send text messages.

35. When entered into an Internet browser, the website address "http://atmlb.com/2mSPrRz" redirects the recipient of the text message to the website

"https://www.mlb.com/rays/tickets/spring-training?partnerId=1M1EN16Q541-9#component-209141180", where the recipient may purchase tickets to Tampa Bay Rays spring training baseball games.

36. On or around February 7, 2018, Defendant transmitted or directed to be transmitted an unsolicited text message to Plaintiff's wireless telephone promoting the Tampa Bay Rays twentieth anniversary celebration:

> Join the Rays as we celebrate the 20th anniversary of Rays baseball with events all year long! http://atmlb.com/2BOpkjx
> Text STOP to cancel

(A true and correct copy of the text message is attached as Exhibit 5.)

37. The "from" field of the transmission was identified as 420-86.

38. Defendant and its agents use the short code 420-86 to send text messages.

39. When entered into an Internet browser, the website address "http://atmlb.com/2BOpkjx" redirects the recipient of the text message to the website "https://www.mlb.com/rays/fans/20th-anniversary?partnerId=31165SZ5VB1K-39", where the recipient may learn about Tampa Bay Rays twentieth anniversary promotional events, and purchase ticket bundles for Tampa Bay Rays baseball games and Tampa Bay Rays team merchandise.

40. On or around February 9, 2018, Defendant transmitted or directed to be transmitted an unsolicited text message to Plaintiff's wireless telephone promoting a Tampa Bay Rays fan event:

> Fan Fest is tomorrow! Help us lead off the start of the season at Tropicana Field from 11am-4pm. http://atmlb.com/2EJEoll Text STOP to cancel

(A true and correct copy of the text message is attached as Exhibit 6.)

41. The "from" field of the transmission was identified as 420-86.

42. Defendant and its agents use the short code 420-86 to send text messages.

43. When entered into an Internet browser, the website address "http://atmlb.com/2EJEoll" redirects the recipient of the text message to the website "https://www.mlb.com/rays/fans/fan-fest?partnerId=D1916U55M1Q-T41", where the recipient may learn about a Tampa Bay Rays fan event.

44. On or around February 16, 2018, Defendant transmitted or directed to be transmitted an unsolicited text message to Plaintiff's wireless telephone promoting Tampa Bay Rays baseball game tickets:

> Batter up! Single Game Tickets are on sale now exclusively through raysbaseball.com. Get your tickets today! http://atmlb.com/2C3DCRG Text STOP to cancel

(A true and correct copy of the text message is attached as Exhibit 7.)

45. The "from" field of the transmission was identified at 420-86.

46. Defendant and its agents use the short code 420-86 to send text messages.

47. When entered into an Internet browser, the website address "http://atmlb.com/2C3DCRG" redirects the recipient of the text message to the website

"https://www.mlb.com/rays/tickets/single-game-tickets?partnerId=71A6Y56XA1-1R88", where the recipient may purchase Tampa Bay Rays baseball game tickets.

48. On or around March 22, 2018, Defendant transmitted or directed to be transmitted an unsolicited text message to Plaintiff's wireless telephone promoting Tampa Bay Rays baseball game tickets:

> Opening Day is one week away! Get your tickets now and join the Rays for the start of the 2018 season. http://atmlb.com/2HTrLoi Text STOP to cancel

(A true and correct copy of the text message is attached as Exhibit 8.)

49. The "from" field of the transmission was identified as 420-86.

50. Defendant and its agents use the short code 420-86 to send text messages.

51. When entered into an Internet browser, the website address "http://atmlb.com/2HTrLoi" redirects the recipient of the text message to the website "https://www.mlb.com/rays/tickets/single-game-tickets?partnerId=BZ1VZ916531-150W", where the recipient may purchase Tampa Bay Rays baseball game tickets.

52. On or around March 29, 2018, Defendant transmitted or directed to be transmitted an unsolicited text message to Plaintiff's wireless telephone promoting the 2018 season opening baseball game for the Tampa Bay Rays:

> Happy Opening Day 2018! The Rays season begins today at 4:00pm as they take on the Boston Red Sox. Game info: https://bit.ly/2GXec8h Text STOP to cancel

(A true and correct copy of the text message is attached as Exhibit 9.)

53. The "from" field of the transmission was identified as 420-86.

54. Defendant and its agents use the short code 420-86 to send text messages.

55. When entered into an Internet browser, the website address "https://bit.ly/2GXec8h" redirects the recipient of the text message to the website "https://raytank.mlblogs.com/heres-what-s-happening-on-opening-day-2018-4e12bb8ad4dd?partnerId=X13QBA16721-0", a blog post by the official blog of the Tampa Bay Rays providing information about the first Tampa Bay Rays baseball game for the 2018 season.

56. On or around April 27, 2018, Defendant transmitted or directed to be transmitted an unsolicited text message to Plaintiff's wireless telephone promoting Tampa Bay Rays baseball game tickets:

> Today only: $20-Press Level tickets for Blue Jays vs. Rays matchup on Saturday, May 5 at 6:10! https://atmlb.com/2qYO85D Text STOP to cancel

(A true and correct copy of the text message is attached as Exhibit 10.)

57. The "from" field of the transmission was identified as 420-86.

58. Defendant and its agents use the short code 420-86 to send text messages.

59. When entered into an Internet browser, the website address "https://atmlb.com/2qYO85D" redirects the recipient of the text message to the website "https://www.mlb.com/rays/tickets/specials/steal-of-the-day?partnerId=5167Z61B-3I9A", where the recipient may purchase Tampa Bay Rays baseball game tickets at a discounted rate.

60. Defendant sent or transmitted, or had sent or transmitted on its behalf, the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers.

-10-

61. On information and belief, Defendant sent these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

62. Plaintiff and the Class members never consented to in writing, requested, or otherwise desired or permitted Defendant to send or transmit text messages to their wireless phones.

## V. CLASS ALLEGATIONS

63. Plaintiff brings this action, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All individuals in the United States to whose wireless telephones Defendant, or someone on its behalf, sent a non-emergency, unsolicited text message through the use of an automatic dialing system, at any time within the four years prior to the filing of this action (the "Class").

Excluded from the Class are Defendant and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

64. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

65. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Defendant's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Defendant's books and

records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

66. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. the manner in which Defendant obtained Plaintiff's and the Class' wireless telephone numbers;

   b. whether the equipment Defendant used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

   c. whether Defendant's conduct constitutes a violation of the TCPA;

   d. whether Plaintiff and the Class are entitled to actual, statutory, or other forms of damages, and other monetary relief and, in what amount(s);

   e. whether Defendant's conduct was willful or knowing;

   f. whether Plaintiff and the Class are entitled to treble damages based on the willfulness of Defendant's conduct; and

   g. whether Plaintiff and the Class are entitled to equitable relief, including but not limited to injunctive relief and restitution.

67. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claim is typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform prohibited conduct described above.

68. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent; he has retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiff intends to

prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel.

69.     **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

70.     **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.   CLAIMS ALLEGED

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of the Class)

71.     Plaintiff incorporates by reference paragraphs 1-70 as if fully set forth herein.

72. Defendant and/or its agents sent unsolicited commercial text messages to the wireless telephone number of Plaintiff and the other Class members *en masse* without their prior express written consent.

73. Defendant sent the text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

74. Defendant utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

75. By sending the unsolicited text messages to Plaintiff and the Class, Defendant has violated 47 U.S.C. § 227(b)(1)(A)(iii).

76. As a result of Defendant's unlawful conduct, the Class members suffered actual damages in the form of invasion of privacy, nuisance, and monies paid to receive the unsolicited text messages on their wireless phones.

77. Under section 227(b)(3)(B), Plaintiff and the Class members are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

78. Should the Court determine that Defendant's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## VII.    JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff James Thomas, individually and on behalf of the members of the Class proposed in this Complaint, respectfully requests that the Court enter an Order as

follows:

- A. Certifying the Class as defined above, appointing Plaintiff as the representative of the Class, and appointing his counsel as Class Counsel;

- B. Finding Defendant liable for violating the TCPA;

- C. Awarding of actual or statutory damages;

- D. Requiring Defendant to cease all text message activities initiated without prior express written consent, and otherwise protecting the interests of the Class;

- E. Awarding of reasonable attorneys' fees and costs; and

- F. Awarding such other and further relief that the Court deems reasonable and just.

Dated: May 17, 2018

Respectfully submitted,

/s/ *Benjamin W. Raslavich*
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com

Joseph J. Siprut* (Trial Counsel)
*jsiprut@siprut.com*
Ke Liu*
*kliu@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
Phone: 312.236.0000
Fax: 312.878.1342

**Pro Hac Vice* to be submitted

***Counsel for Plaintiff***
***and the Proposed Putative Class***