UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHAD FERNANDEZ, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

Case No.: 8:18-cv-2251-EAK-SPF

TAMPA BAY RAYS BASEBALL LTD,

Defendant.

## ORDER

**THIS CAUSE** is before the Court upon the parties' Joint Consent to Consolidation in Response to Court's Order to Show Cause and Request for Briefing Schedule ("**Show Cause Response**") (Doc. 27). Through the Show Cause Response, the parties indicate their consent to the consolidation of this action ("**Rays II**") with Thomas v. Tampa Bay Rays Baseball LTD, No. 8:18-cv-1187-EAK-AEP, (M.D. Fla.) ("**Rays I**"). The parties in Rays I also consent to consolidation. Id. at (Doc. 41).

Consolidation is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which affords a district court authority to order multiple actions consolidated where "actions before the court involve a common question of law or fact[.]" The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young

Case No.: 8:18-cv-2251-EAK-SPF

v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting In re Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1013 (5th Cir. 1977)). "Actions that involve the same parties are apt candidates for consolidation . . . [and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." Blasko v. Washington Metro. Area Transit Auth., 243 F.R.D. 13, 15 (D.D.C. 2007) (citation omitted); see also Vasquez Rivera v. Congar Int'l Corp., 241 F.R.D. 94, 95 (D.P.R. 2007) (explaining that consolidation is intended to avoid overlapping trials containing duplicative proof, excess cost incurred by all parties and the government, and the waste of valuable court time in the trial of repetitive claims, among other considerations).

As the Court previously recognized, this action involves nearly identical parties, facts, and legal issues as those in Rays I such that it would be an exceedingly inefficient use of judicial and party resources to allow essentially the same dispute to be litigated concurrently in two separate lawsuits in the same Court before the same judge. The Court finds that consolidation would therefore promote the interests of judicial economy and convenience, and that consolidation would not appear likely to yield any substantial inconvenience, delay, nor expense for the Court or the parties. Furthermore, the Court finds that consolidation would not lead to prejudice or possible confusion, unfair burdens on the parties or witnesses, nor undue

2

Case No.: 8:18-cv-2251-EAK-SPF

length of time to resolve a consolidated case. For those reasons, and given the parties' consent to consolidation, the Court will exercise its discretion to consolidate Rays I and Rays II pursuant to Rule 42(a) for all purposes, including discovery and trial.

Accordingly, it is **ORDERED** as follows:

1. The actions listed under Case Nos. 8:18-cv-1187-EAK-MAP and 8:18-cv-2251-EAK-SPF are hereby **CONSOLIDATED** under **MASTER CASE NUMBER** 8:18-cv-1187-EAK-MAP (the "**Consolidated Case**").

2. This action shall proceed under the Consolidated Case, and all subsequent filings shall be made in the Consolidated Case.

3. The Clerk is directed to change the caption of the Consolidated Case to "*In re Tampa Bay Rays Baseball LTD TCPA Litigation.*"

4. The Court denies as moot and without prejudice to being re-filed in the Consolidated Case all pending motions in Case No. 8:18-cv-2251-EAK-SPF.

5. The Clerk shall administratively close Case No. 8:18-cv-2251-EAK-SPF and terminate any pending motions.

6. The Clerk shall add any counsel of record in Case No. 8:18-cv-2251-EAK-SPF as counsel of record in the Consolidated Case.

7. On or before January 21, 2019, Plaintiffs Thomas and Fernandez shall confer to determine who among them should be selected as lead plaintiff in the

Case No.: 8:18-cv-2251-EAK-SPF

Consolidated Case. If no agreement is reached, any party seeking to be selected as lead plaintiff shall file a motion for appointment as lead plaintiff on or before February 4, 2019.

   8.   The deadline to move to certify the putative class is **STAYED** pending the selection of a lead plaintiff in the Consolidated Case.

   9.   The Clerk shall promptly docket in the Consolidated Case notice of the entry of this Order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of January, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record