**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| *In re Tampa Bay Rays Baseball Ltd.* *TCPA Litigation.* | CONSOL. CASE NO: 8:18-cv-1187-EAK-MAP

JURY TRIAL DEMANDED AND INJUNCTIVE RELIEF SOUGHT |

<u>**PLAINTIFFS' MOTION TO AMEND CLASS ACTION COMPLAINT**</u>

Plaintiffs Chad Fernandez ("**Fernandez**") and James Thomas ("**Thomas**") (Fernandez and Thomas each a "**Plaintiff**" and collectively the "**Plaintiffs**") move to amend their previous Complaints and file a Consolidated Amended Class Action Complaint.  In support of their motion, Plaintiffs state as follows:

1.       Major League Baseball television ratings and game attendance have been plummeting for years. Eager to stay on their fans' minds, professional baseball team franchisees and the league flouted their obligations under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("**TCPA**") and deployed intrusive marketing strategies to maintain fan engagement and bolster sales.

2.       Plaintiffs received numerous advertising and telemarketing text messages on their cellular telephones from Defendants Tampa Bay Rays Baseball Ltd. ("**TB Rays**") and MLB Advanced Media, L.P. ("**MLB Media**"). Those messages were sent to Plaintiffs using an automatic telephone dialing system ("**ATDS**") without anyone's prior express written consent, in clear violation of the TCPA.  Those messages were sent using five- or six-digit shortcodes, which are telephone numbers

used to transmit short text messages to and from cellular telephones and are prevalent in bulk advertising and telemarketing campaigns.

3.  On May 17, 2018, Plaintiff Thomas filed a Class Action Complaint against Defendant TB Rays. (Dkt. 1.)

4.  On September 11, 2018, Plaintiff Fernandez filed a Class Action Complaint against Defendant TB Rays. (No. 8-18-cv-02251-MSS-SPF, Dkt. 1.)

5.  Defendant TB Rays filed separate motions to dismiss in both the *Thomas* and *Fernandez* actions.

6.  On November 20, 2018, Judge Scriven denied Defendant TB Rays' Motion to Dismiss the *Fernandez* complaint. (No. 8-18-cv-02251-MSS-SPF, Dkt. 17.)

7.  On November 28, 2018, this Court denied Defendant TB Rays' Motion to Dismiss the *Thomas* complaint.  (Dkt. 35.)

8.  On December 13, 2018, this Court, *sua sponte*, issued an Order to Show Cause why the *Fernandez* matter should not be consolidated with *Thomas*. (Dkt. 37.) Counsel in *Thomas* and *Fernandez* subsequently conferred with one another, and then with Defendant TB Rays' counsel, and agreed that the cases should be consolidated.

9.  On January 7, 2019, this Court, upon reviewing the parties Joint Consent to Consolidation in Response to Court's Order to Show Cause and Request for Briefing Schedule, ordered that both the *Thomas* and *Fernandez* cases be consolidated under the *Thomas* Master Case No., 8:18-cv-1187-EAK-MAP.  (Dkt. 42.)

10.  Plaintiffs have engaged in written discovery with Defendant TB Rays

and with third-party MLB Media. MLB Media is a limited partnership of the club owners of Major League Baseball ("**MLB**") which operates as the internet, telephone, and media marketing arm for MLB.

11.     In the course of that discovery, Plaintiffs learned that MLB Media obtained the specific telephone shortcode used it to send the text messages that are the subject of this action, and that TB Rays and MLB Media worked together in transmitting the text messages at issue. Plaintiffs also learned that MLB Media had obtained shortcodes for twenty-six other MLB teams, and used those shortcodes to automatically transmit marketing messages on behalf of other MLB teams in the same fashion as was done to the Plaintiffs.

12.     In addition, with control over the integrated network of shortcode dialing numbers, MLB Media works with respective team managements to develop and copyright text message marketing campaigns for each of the teams. These text message promotions are developed by the teams, in many instances with the help of MLB Media. Once a promotion or advertisement is finalized, MLB Media causes it to be sent out to consumers via text message, *en masse*, utilizing the shortcodes it acquired. Those text messages sent by MLB Media advertise the commercial availability of Major League Baseball tickets, game programming, and other merchandise.

13.     All telephone contact by MLB Media and/or its affiliates, subsidiaries, or agents occurred via an ATDS  as defined by 47 U.S.C. § 227(b)(1)(A) because the unsolicited telemarketing text messages were sent from MLB Media's shortcode

telephone numbers, which are used to message consumers *en masse*, and because the hardware and software used by MLB Media or its agents to send such text messages have the capacity to store, produce, and dial either random or sequential numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Further, the complained of text messages were all written in a generic and impersonal manner thus demonstrating their automated dissemination.

14.    Plaintiffs seek leave to filed a Consolidated Amended Class Action Complaint that will accomplish the following.  First, Plaintiffs seek to add MLB Media as a Defendant based upon its integral role in sending the text messages at issue in violation of the TCPA, and of sending similar messages in violation of the TCPA.  Second, Plaintiffs seek to combine their claims in a single, consolidated complaint.  Because this Court has already ruled that both complaints previously stated claims sufficient to survive Defendant TB Rays' motions to dismiss, Plaintiffs do not seek to alter or amend the substantive elements of their TCPA claims.  Third, in light of adding MLB Media as a Defendant, Plaintiffs seek to enlarge the class definition, as it applies to MLB Media, to encompass a putative class of all individuals who received text messages without prior express written consent from any MLB Media shortcode telephone number.

15.    This is the first time Plaintiffs have sought to amend the Complaints. This motion is timely because, on an unopposed motion, the Court previously extended the deadline to amend pleading or join third party defendants through and including May 13, 2019. (Dkt. 54.)

16.     Defendant TB Rays will not be prejudiced by the Consolidated Amended Class Action Complaint.  This case is in the early stages of discovery, and Plaintiffs do not seek to alter the substance of their initial allegations against TB Rays. And TB Rays has obviously known of its relationship with MLB Media since the outset of the case, and could anticipate that Plaintiffs would seek to add MLB Media as a defendant upon discovering its role in the acts underlying this litigation.

17.     Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend a complaint is to be freely given. In making that determination, the court should consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment."  *Seiger by and through Seiger v. Philipp*, 735 Fed. Appx. 635, 637 (11th Cir. 2018).  None of the factors that support denial of a motion to amend are present here:  the amendment is timely and within the Court's schedule, there is no history of previously pleading deficiencies, there is no undue prejudice, and the amendment would not be futile.

18.     A copy of the proposed amended complaint is attached as <u>Exhibit A</u>.

19.     Pursuant to Local Rule 3.01(g), Plaintiffs' counsel has conferred with TB Rays' counsel and provided the proposed Consolidated Amended Class Action Complaint. TB Rays' counsel does not oppose consolidating the Plaintiffs' individual complaints but does oppose the substantive amendments in the proposed Consolidated Amended Class Action Complaint.

WHEREFORE, Plaintiffs request that the Court enter an Order permitting Plaintiffs to file the Consolidated Amended Class Action Complaint and directing the Clerk to issue summons as to MLB Media.

May 1, 2019                                  Respectfully submitted,

                                             By: /s/ Ruben Conitzer
                                             David P. Milian (Fla. Bar No. 844421)
                                             Email: dmilian@careyrodriguez.com
                                             Secondary: mmartucci@careyrodriguez.com
                                             Juan J. Rodriguez (Fla. Bar No. 613843)
                                             Email: jrodriguez@careyrodriguez.com
                                             Secondary: service@ careyrodriguez.com
                                             Ruben Conitzer (Fla. Bar No. 100907)
                                             Email: rconitzer@careyrodriguez.com
                                             Secondary: cperez@careyrodriguez.com
                                             CAREY RODRIGUEZ MILIAN GONYA LLP
                                             1395 Brickell Avenue, Suite 700
                                             Miami, FL 33131
                                             Telephone: (305) 372-7474
                                             Facsimile: (305) 372-7475
                                             *Counsel for Lead Named Plaintiff Chad Fernandez*

                                             Benjamin W. Raslavich
                                             Email: ben@theKRfirm.com
                                             KUHN RASLAVICH, P.A.
                                             2114 W. Kennedy Blvd., Suite B
                                             Tampa, FL 33606
                                             Tel: (813) 422-7782
                                             Fax: (813) 422-7783

                                             Todd L. McLawhorn*
                                             Email: tmclawhornt@siprut.com
                                             SIPRUT PC
                                             17 North State Street
                                             Suite 1600
                                             Chicago, Illinois 60602
                                             Phone: 312.236.0000
                                             Fax: 312.878.1342
                                             *Pro Hac Vice

*Counsel for Named Plaintiff James Thomas*