UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE TAMPA BAY RAYS BASEBALL
LTD. TCPA LITIGATION            Case No. 8:18-cv-1187-T-60AEP
_____/

**<u>ORDER</u>**

This cause came before the Court for a hearing to address my recusal in this case. Under 28 U.S.C. § 455, a judge should disqualify himself or herself if a person might reasonably question his or her impartiality. *See* 28 U.S.C. § 455(a). The disqualification standard requires the reviewing court to determine whether an objective, disinterested, lay observer, fully informed of the facts underlying the grounds on which recusal was sought, would entertain a significant doubt about the judge's impartiality. *Jenkins v. Anton*, 922 F.3d 1257, 1271 (11th Cir. 2019) (quotation and citations omitted).

In this instance, I find it appropriate to recuse myself from these proceedings, as my impartiality might reasonably be questioned. As previously discussed with the parties more fully during a July 22, 2019 hearing, the Administrative Office of the U.S. Courts (the "AO") advanced a national initiative that centers on court and community involvement in the observance of Constitution Day and Citizenship Day. In doing so, the AO planned naturalization ceremonies as living civics lessons to occur at major and minor league baseball games during August and September 2019. Given the initiative, the Tampa Bay Rays (the "Rays" or the "Rays organization") were contacted about hosting a naturalization ceremony in observance of Constitution Day and Citizenship Day, with the Rays agreeing to host a naturalization ceremony at an upcoming home game. During discussions regarding and preparation for the upcoming naturalization ceremony, I was designated as the lead contact person for planning and coordinating with the Rays. In that role, I repeatedly communicated

with several members of the Rays organization. Given my involvement with members of the Rays organization in planning and coordinating the naturalization ceremony, I obtained an ethics opinion to determine whether recusal in this case was necessary or appropriate. After reviewing the findings in the ethics opinion, and upon my own consideration, I conclude that recusal is warranted. Accordingly, the Clerk is hereby directed to reassign this case to another magistrate judge by random draw and to provide notice to the parties of the newly designated magistrate judge.

DONE AND ORDERED in Tampa, Florida, on this 1st day of August 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record